**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 13-22500-CIV-ALTONAGA/Goodman**
**CASE NO. 13-24320-CIV-ALTONAGA/Goodman**

**UNITED STATES OF AMERICA**
*ex rel*. **JONATHAN LORD, M.D.**,

      Plaintiff,

v.

**UNIVERSITY OF MIAMI**,

      Defendant.
_____ /

**UNITED STATES OF AMERICA**
*ex rel*. **PHILLIP CHEN, M.D.**,

      Plaintiff,

v.

**UNIVERSITY OF MIAMI**, *et al.,*

      Defendants.
_____ /

**<u>SEALED ORDER</u>**

**THIS CAUSE** came before the Court on Plaintiff, the United States of America's *Ex Parte* Application for an Extension of the Intervention Period and Seal (No. 13-22500 [ECF No. 79]; No. 13-24320 [ECF No. 51]), filed on September 16, 2020.  Relators oppose the Application and request a status conference.  (*See generally* No. 13-22500 [ECF No. 81]; No. 13-24320 [ECF No. 53]).

These actions under False Claims Act were filed under seal, as required by 31 U.S.C. section 3730(b)(2).  Section 3730(b) provides the sealed complaint and related disclosures shall be kept sealed for 60 days while the Government decides whether to intervene in the action.  *See*

*id.* §§ 3730(b)(2)–(4). The Government may request extending the period that the documents remain under seal for good cause. *See id.* §§ 3730(b)(2)–(3).

This is not carte blanche for the Government extending the seal and deferring deciding to intervene indefinitely. *See United States* ex rel. *Martin v. Life Care Centers of Am., Inc.*, 912 F. Supp. 2d 618, 627 (E.D. Tenn. 2012). In *Life Care Centers*, the Government was granted four years' worth of extensions of the initial False Claims Act sealed-document period. *See id.* at 623. The Government's bases for its requests included the complexity of the case, an overburdened staff, and lack of resources. *See id.* at 625. The court, expressing regret for its part in granting the "Government's habitual requests for extensions of the election period[,]" concluded "[t]he length of time this case has remained under seal **borders on the absurd**." *Id.* at 623–24 (alterations and emphasis added); *see also id.* at 625 ("Regrettably, the Court bears some responsibility for the Government's mishandling of this litigation. Based on the Government's representations concerning the complexity of the case and the lack of resources needed to prepare, it was the Court that granted the requested extensions."). The court concluded that the Government's prior stated reasons for extending the election period "were insufficient bases on which to obtain the interminable extensions afforded in this case." *Id.* at 625; *see also United States* ex rel. *Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997) (finding, after 18 months of extending the sealed election period, the Government failed to show good cause for a further extension based on the possibility that lifting the seal would "interfere with settlement negotiations").

Relators filed their Complaints **seven years ago**. (*See generally* No. 13-22500 [ECF No. 1]; No. 13-24320 [ECF No. 1]). The Government's interminable requests for extensions of

CASE NO. 13-22500-CIV-ALTONAGA/Goodman
CASE NO. 13-24320-CIV-ALTONAGA/Goodman

the sealed election period border on the absurd, particularly after the Government explicitly agreed to a fixed date for unsealing these cases. (*See generally* June 17th, 2020 Order, No. 13-22500 [ECF No. 83]; No. 13-24320 [ECF No. 54]). The Government is cautioned its stated reason for extending the sealed election period one more time — to finalize a settlement (*see* Gov't's Reply [ECF 85] 3) — appears little better than the reasons found wanting in *Life Care Centers*, 912 F. Supp. 2d 618, and *Baker & Taylor*, 955 F. Supp. 1188.

No further extensions beyond this final one will be granted. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff, the United States of America's *Ex Parte* Application for an Extension of the Intervention Period and Seal (**No. 13-22500 [ECF No. 79]**; **No. 13-24320 [ECF No. 51]**) is **GRANTED**.

2. The Clerk shall **UNSEAL** these cases and their attendant filings on **November 2, 2020**.

3. Relators, Jonathan Lord, M.D.; Philip C. Chen, M.D., Ph.D., F.C.A.P.; and Joshua Yelen's Joint Request for Status Conference (**No. 13-22500 [ECF No. 81]**; **No. 13-24320 [ECF No. 53]**) is **GRANTED** in part.

4. The cases are set for a combined status and scheduling conference on **November 2, 2020** at **2:00 p.m.** The parties may appear by videoconference and should contact the Courtroom Deputy for further instructions.

**DONE AND ORDERED** in Miami, Florida, this 18th day of September, 2020.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record